Giberson *v.* Giberson.

JOHN GIBERSON et ux.

*v.*

JOSEPH GIBERSON et al.

Executors were directed to sell all of the testator's real estate " at such times and in such manner as they shall think most advisable."—*Held* not to vest a personal discretion in them, and that therefore an administrator *de bonis non,* appointed on their renunciation, could exercise the power.

Giberson *v.* Giberson.

*Mr. A. G. Richey,* for complainant.

Bird, V. C.

Joseph Giberson, by his last will, gave all the residue of his real estate to his children, to be equally divided amongst them, and then ordered and directed his executors to sell all of the said estate " at such times and in such manner as they shall think most advisable." The executors therein named renounced, and an administrator with the will annexed was appointed.

Note.—The following cases show what words have been held to confer such a personal discretion on the executor that an administrator *de bonis non* could not execute a testamentary power to sell lands :

As soon after my death as my executor shall deem expedient,   *   *   *   either at public or private sale, and on credit or for cash, at his discretion, *Mitchell* v. *Spence, 62 Ala. 450.*

At such time or times as they or the survivor of them could do it to the best advantage, and either at public or private sale, as they or he might think best, *Lockwood* v. *Stradley, 1 Del. Ch. 298.*

At such credit and in such manner as is thought most advisable to my executor, *Hall* v. *Irwin, 7 Ill. 176;* see *Wardwell* v. *McDowell, 31 Ill. 364; Nicoll* v. *Scott, 99 Ill. 529.*

As best calculated, in their opinion, to benefit my family—that is to say, in such parts or parcels, at such time or times, and upon such terms and conditions as they shall judge proper, *Brown* v. *Hobson, 3 A. K. Marsh. 380.*

To sell and convey such of testator's property as, in the executor's judgment, would best promote the interest of all concerned, *Tainter* v. *Clark, 13 Metc. 220; S. C., Clark* v. *Tainter, 7 Cush. 567; Dunbar* v. *Tainter, Id. 574.* See, also, *Putnam* v. *Story, 132 Mass. 205.*

To be sold at the discretion of the executor, *Montgomery* v. *Milliken, Sm. & Marsh. Ch. 495; S. C., 5 Sm. & Marsh. 151.* See *King* v. *Talbert, 36 Miss. 367.*

Shall be sold at the discretion of my executors, *Chambers* v. *Tulane, 1 Stock. 146;* see *Lanning* v. *Sisters of St. Francis, 8 Stew. Eq. 392; Weiland* v. *Townsend, 6 Stew. Eq. 399, note ; Brush* v. *Young, 4 Dutch. 237.*

To sell and convey any or all of the real estate at discretion, and to keep it in repair, *Stoutenburgh* v. *Moore, 10 Stew. Eq. 63.*

The whole to be disposed of as shall to my executors seem best, *Naundorf* v. *Schumann, 14 Stew. Eq. 14.*

To sell and convey   *   *   *   in their discretion, upon trust, to divide the proceeds among the testator's four children, *Cooke* v. *Platt, 51 N. Y. Super. Ct. 56, 98 N. Y. 35 ; Mott* v. *Ackerman, 92 N. Y. 540 ; Bierbaum's Case, 40 Hun 504 ;* see *Bain* v. *Matteson, 54 N. Y. 663 ; Place's Case, 7 N. Y. Leg. Obs. 217.*

Doubts having been suggested as to his power to sell, this bill
is presented.

In my judgment, this case is plainly within the act which
confers the same powers of sale upon administrators with the
will annexed that the executors had by the will. I cannot
perceive that the executors had confided to them any trust or
discretion such as is contemplated in the case of *Naundorf* v.
*Schumann, 14 Stew. Eq. 14,* and in other cases. In the case
cited, the executor had power to dispose of as he should deem
best. He might rent it, for he was directed to divide the profits.
In this case there is nothing but the power of sale conferred.
But it is thought that the discretion contemplated in *Naundorf*

To sell, grant and convey  *  *  *  or to lease the same for terms of years,
as they in their discretion may deem best, *Ross* v. *Barclay, 18 Pa. St. 179.*

To sell if they thought advisable, and to invest the proceeds for the use of
certain beneficiaries, *Waters* v. *Margerum, 60 Pa. St. 39.*

In such parts and parcels, and at such time or times, and on such terms and
in such manner as my said executors, or the survivor of them, shall in their
good discretion think fit and most advantageous for the benefit of my estate,
*Evans* v. *Chew, 8 Phila. 103, 71 Pa. St. 47;* see *Moody* v. *Fulmer, 3 Grant's
Cases, 17.*

That the sale shall not be made by any other person than the executor him-
self, *Drayton* v. *Grimke, Bail. Eq. 394.*

To sell or lease, or dispose of in any way they may think best for my estate,
*Armstrong* v. *Park, 9 Humph. 195.*

If and whenever he may think it advisable for the interest and benefit of my
children, to sell any or all of my testator's real estate, and to invest the pro-
ceeds, or such part thereof as he may think right, in other real estate, *Jones* v.
*Fulghum, 3 Tenn. Ch. 193.*

With power to dispose of the same in such manner as to the executor should
seem meet for the payment of testator's debts, and for the use and benefit of his
daughter, G. B., so long as she should continue insane, *Besley's Case, 18 Wis.
451;* see *Harrup* v. *Winslet, 37 Ga. 655.*

Devise to testator's widow, to be at her disposal, if agreeable to the executors,
so long as she should remain a widow, to be sold, however, if necessary to pay
testator's debts, otherwise in remainder to his sons after the widow's death or
marriage. Testator died in 1848. Neither of the executors proved the will,
and letters *cum testamento annexo* were issued to the widow in 1851, who as
*devisee* conveyed the premises the same year to G., swearing it was to pay testa-
tor's debts and that the proceeds were so applied. She married again in 1853,
and ejectment by the sons against her grantee was sustained, *Banting* v. *Gum-
merson, 24 U. C. Q. B. 287.*

Giberson v. Giberson.

v. *Schumann, supra,* is distinctly expressed in the phrase " at such times and in such manner as they shall think most advisable." I do not see any such force in the expression. I think the executors are directed to sell and nothing more. I think they have no other or greater power, right, trust or discretion than they would have had, had the words quoted been omitted. I think every executor has just so much right, power, trust or discretion when simply authorized to sell. Every such executor can sell at such times and in such manner as he deems most advisable. All will readily acknowledge that he has that much discretion, and that if he does not exercise it wisely the courts will interfere. Nor will any one insist that such admission

---

The following cases show when a personal discretion is not imposed, and when an administrator *de bonis non* may sell lands under a testamentary power given to the executor :

If and when they or he shall think fit so to do for the purpose of division or distribution, *Wyman* v. *Carter, L. R.* (*12 Eq.*) *309 ;* see *Yates* v. *Compton, 2 P. Wms. 308 ; Austin* v. *Martin, 29 Beav. 523 ; Monsell* v. *Armstrong, L. R.* (*14 Eq.*) *423 ; In re Clay, L. R.* (*16 Ch. Div.*) *3.*

For such considerations, upon such terms, and in such manner as the executors might judge best, *Stuart* v. *Baldwin, 41 U. C. Q. B. 446.*

" That the purchase-money be secured by such personal security as my executor may direct," *Anderson* v. *McGowan, 45 Ala. 462.*

That the estate, real and personal, remain in the hands of his wife (the executrix) " to rear and educate his three children, and to remain hers during her lifetime or widowhood; and in case of her marriage, that the estate be sold and the proceeds divided equally among her and the three children," *Watson* v. *Martin, 75 Ala. 506.*

To sell certain lands in one year after testator's decease, " and to divide the avails so that my said daughter shall receive one-fourth thereof," *Pratt* v. *Stewart, 49 Conn. 339.*

" Which I desire may be sold at such credit as he may judge right between the creditors and the estate," *Owens* v. *Cowan, 7 B. Mon. 152.*

Where testator directed a division of his estate among his children at the death of his wife, to be made by his executors, either by a division of the property in kind, or a sale and division of the proceeds, in the discretion of the executors, *Shields* v. *Smith, 8 Bush 601 ;* see *Gulley* v. *Prather, 7 Bush 167.*

" To sell or lease for such term or terms of years, renewable or not renewable, as they may think proper, the whole or any part thereof, either at public or private sale, if they shall deem such sale or lease beneficial or advantageous to the parties interested," *Druid Park Heights Co.* v. *Oettinger, 53 Md. 46 ;* see *Kepplinger* v. *Maccubbin, 58 Md. 203.*

Giberson v. Giberson.

brings the case within the principle of *Naundorf* v. *Schumann*. It is only giving practical effect to a wise provision of the statute in a case where the testator has not himself otherwise provided. And if the case I am deciding is not controlled by *Naundorf* v. *Schumann*, certainly it is not by *Lanning* v. *Sisters of St. Francis, 8 Stew. Eq. 392*. In that case the trust seemed most clearly to be a personal one ; the real estate was given to the person named as executor absolutely; besides which his control seemed only to terminate when he saw proper to sell and divide.

In construing the force or extent of such enabling statute, the inquirer will be aided by the views of Chief-Justice Beasley as expressed in *Weimar* v. *Fath, 14 Vr. 1, 11,* one quotation will

To divide into seven equal parts * * * and sell the same at such time and on such terms as he may think fit, *Dilworth* v. *Rice*, *48 Mo. 124 ; Evans* v. *Blakiston, 66 Mo. 437 ;* see *Compton* v. *McMahan, 19 Mo. App. 494.*

In order to make an equal division among testator's grandchildren, *Howell* v. *Sebring, 1 McCart. 84.*

To sell at private or public sale, as to them may seem most discreet, with similar power in their successor, *Fish* v. *Coster, 28 Hun 64.*

After the death of M. all the lands to be sold and the proceeds divided equally among testator's children, *Smith* v. *McCrary, 3 Ired. Eq. 204.*

For any price or prices which to them shall seem meet, by public or private sale, *Meredith's Estate, Pars. Eq. Cas. 433.*

To sell a house devised to testator's wife, if she should so desire and the executors deem it for the best interest of the wife and children, *Lautz* v. *Boyer, 81 Pa. St. 325.*

To lease, according to their discretion, and to sell and convey in such manner as they shall think proper, either at public or private sale, *Jackman* v. *Delafield, 85 Pa. St. 381 ;* see *Commonwealth* v. *Forney, 3 Watts & Serg. 353.*

To sell the said house and lot and invest the proceeds in such security as the executor may consider best, holding the same in trust for S., *Probate Court* v. *Hazard, 13 R. I, 3.* (This case went off on another point, *vide* p. 7.)

If necessary or if they think best to sell a part or any portion of the lands given to R., *Dougherty* v. *Crawford, 14 S. C. 628.*

The proceeds of sale, after paying debts &c., to be disposed of as follows : one-fifth to be set apart in the executor's hands and held by him subject to the trusts &c. named in a certain item of the will, *Harrison* v. *Henderson, 7 Heisk. 315, 350 ;* but see *Brush* v. *Young, 4 Dutch. 237.*

For the purpose of paying debts and supporting testator's children, *Caruthers* v. *Caruthers, 2 Lea 264.*

Provided the said land will sell for as much as in their judgment will be equal to its value. *Brown* v. *Armistead, 6 Rand. 594.*

Giberson *v.* Giberson.

suffice : " But the discretion thus appealed to is nothing but the common discretion that is made use of in the transaction of ordinary business."

I think the administrator with the will annexed can convey a good title. I will so advise.

---

" Whenever my executors think best," *Mosby* v. *Mosby, 9 Gratt. 584.*

The court cannot appoint an administrator merely for the purpose of executing a deed for lands sold by his predecessor, *Long* v. *Joplin Mining Co., 68 Mo. 422;* nor to correct a mistake in such deed, *Grayson* v. *Weddle, 63 Mo. 523;* nor can an administrator with the will annexed, after resigning, execute a deed for lands sold by him while in office, *Elstner* v. *Fife, 32 Ohio St. 358.*

An attempted sale by an administrator *de bonis non,* made because a sale by the administrator was void, may be enjoined by the purchaser, *Bell* v. *Craig, 52 Ala. 215.*

A deed executed by an administrator *de bonis non,* under an order directing his predecessor to execute it, was upheld, *Peterman* v. *Watkins, 19 Ga. 153.*

If the will has never been legally admitted to probate, a sale of land made by an administrator *de bonis non,* who was appointed after the marriage of the sole executrix of such will, is void, *Chase* v. *Ross, 36 Wis. 267.*

After a guardian's sale had been confirmed and a deed ordered to be executed to the purchaser, the guardian died.—*Held,* that his successor might be ordered to execute the deed and receive the purchase-money, *Lynch* v. *Kirby, 36 Mich. 238.*

Creditors of an intestate brought a bill in chancery against his administrator, and he was removed from office—the title to the intestate's lands, sold by a receiver afterwards appointed in the suit, was held good, *Walker* v. *Morris, 14 Ga. 323.*

Equity may refuse specific performance of a contract for the sale of lands, made by an administrator with the will annexed, *Shelton* v. *Homer, 5 Metc. 462; Paret* v. *Keneally, 30 Hun 15; Speck* v. *Wohlien, 22 Mo. 310; Robinson's Case, 3 Irish L. R. 429;* but see *Peebles* v. *Watts, 9 Dana 102; Parks* v. *Sears, 117 Mass. 513; Clark* v. *Hornthal, 47 Miss 434; De Peyster* v. *Clendining, 8 Paige 295; Blakemore* v. *Kimmons, 8 Baxt. 470; Toler* v. *Toler, 2 Pat. & H. 71.*

See, in general, *1 Wms. Exrs. (6th Am. ed.) 723* [654] *note; 24 Am. Law Reg. (N. S.) 689.*—Rep.